**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 17 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARK ANTHONY BATES,

       Petitioner - Appellant,

  v.

KEN CLARK, Warden,

       Respondent - Appellee.

No. 08-55849

D.C. No. 3:07-cv-00330-H-BLM

MEMORANDUM [*]

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Argued and Submitted February 2, 2010
Pasadena, California

Before: B. FLETCHER, PREGERSON and GRABER, Circuit Judges.

Petitioner Mark Anthony Bates appeals the denial of his habeas corpus petition. He argues that the California Court of Appeal unreasonably refused to suppress his confession and that admission of the confession was not harmless. We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

After Bates was taken into police custody, detectives informed him of his *Miranda*[1] rights and asked him if he understood them. Bates said he did. Detectives then questioned Bates about his role in the death of Jose Sanchez. After the detectives began speculating that Bates and Sanchez had engaged in a fight that got out of control, Bates replied, "I'm not saying anything right now." Rather than ceasing questioning or seeking clarification as to the meaning of "right now," the detectives persisted in questioning Bates, who thereafter confessed to killing Sanchez and told the detectives how he did it. The California Superior Court admitted the confession over Bates's objection. The jury convicted him of second-degree murder. The California Court of Appeal affirmed the admission of Bates's confession, concluding that Bates had not unambiguously invoked his right to remain silent. After exhausting his state remedies, Bates filed a federal habeas petition. The district court denied the petition but issued a certificate of appealability on whether Bates had unequivocally invoked his right to silence. We review the district court's denial de novo. *Arnold v. Runnels*, 421 F.3d 859, 862 (9th Cir. 2005).

Bates argues that admission of his confession was an unreasonable application of clearly established federal law as determined by the Supreme Court,

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

2

and that his habeas petition must therefore be granted. *See* 28 U.S.C. § 2254(d)(1). We agree that his statement, "I'm not saying anything right now," cannot reasonably be interpreted as anything but a facially unambiguous invocation of the right to remain silent. *See Anderson v. Terhune*, 516 F.3d 781, 787 (9th Cir.) (en banc), *cert. denied*, 129 S. Ct. 344 (2008); *see also Arnold*, 421 F.3d at 865. Even if the words "right now" temporally limited the invocation, the detectives were under a clearly established obligation at least to seek clarification.

We reject the State's position that the context in which the statement was made rendered Bates's statement ambiguous enough that the detectives could continue to question him. It is an unreasonable application of *Miranda* and *Davis v. United States*, 512 U.S. 452 (1994), to use context "to transform an unambiguous invocation into open-ended ambiguity." *Anderson*, 516 F.3d at 787. In fact, the context undercuts the State's argument. Earlier in the interview Bates maintained that he lacked knowledge of the homicide, but the statement, "I'm not saying anything right now," expressed unwillingness to speak rather than ignorance. *See Connecticut v. Barrett*, 479 U.S. 523, 529 (1987) (invocations of *Miranda* rights will be interpreted "as ordinary people would understand them"). The State also relies on post-invocation actions to demonstrate that Bates's

3

invocation was ambiguous, but such reliance is contrary to clearly established law. *See Smith v. Illinois*, 469 U.S. 91, 98 (1984) (per curiam).

The State next posits that by asserting, "I'm not saying anything right now," Bates merely expressed his desire not to affirm or deny the detectives' hypothesis about Sanchez's death. This speculation about Bates's motives "misses the point," because any desire Bates had to evade comment was perfectly consistent with his unambiguously expressed desire to remain silent. *Anderson*, 516 F.3d at 788. The appellate court's decision to affirm the admission of Bates's confession was therefore "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003).

Despite the clear error, we nonetheless conclude that admission of the confession was harmless. The record is replete with evidence that Bates was the killer. Forensic evidence included evidence that Sanchez was extremely intoxicated, lying on his back when he was brutally attacked, his head bashed in. Bates was blood-spattered and bloody rocks lay nearby Sanchez's body. There was a witness to a fight between Bates and Sanchez earlier in the day. All of this evidence supported the conviction of second-degree murder without resort to the confession.

Ironically, the only support for Bates's self-defense and heat-of-passion theories was contained in the confession.  Further, if Bates had decided to testify to his state of mind, the confession could have been admitted anyway as impeachment evidence.  *Harris v. New York*, 401 U.S. 222 (1971).  We can therefore say with assurance that admission of the confession did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 631 (1993) (internal quotation marks omitted).

**AFFIRMED.**